UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,
LOCAL 501,
        Plaintiff,

vs.

MERRICK GARLAND, as
Attorney General of the United
States, U.S. Department of Justice,
Federal Bureau of Prisons,
        Defendant/Agency
_____/

### PLAINTIFF'S PETITION FOR CONFIRMATION, RECOGNITION, AND ENFORCEMENT OF THE ARBITRATION AWARD

Pursuant to 9 U.S.C. Section 9 of the Federal Arbitration Act (hereinafter, referred to as, the "FAA"), Plaintiff, American Federation of Government Employees (hereinafter, referred to as, "AFGE") Local 501, petitions this Court for the entry of Final Judgment, confirming the Arbitration Opinion and Award, which was entered by Arbitrator Martin Soll, on September 3, 2023; based on the following grounds:

(i)     Confirming, recognizing and enforcing the Arbitration Opinion and Award, entered by Arbitrator Martin Soll, on September 3, 2023, [The Arbitrator's Opinion and Award is attached hereto, as **EXHIBIT A**], which specifically found that the Defendant, Merrick Garland, as Attorney General of the United States, U.S. Department of Justice, Federal

1

       Bureau of Prisons (hereinafter, referred to as, the "Agency"), did not have just or sufficient cause to terminate the Grievant's employment, and the Grievant, Ian Morgan, was an employee of the Agency, and a member of AFGE Local 501, and in addition, the Agency failed to establish just and sufficient cause, to terminate the Grievant's employment, on December 21, 2021, not only based on the lack of substantive proof, but additionally, proof of just cause failed on staleness and timeliness grounds;

(ii)     Entering judgment in favor of AFGE Local 501, and against the Defendant/Agency, Merrick Garland, as Attorney General of the United States, U.S. Department of Justice, Federal Bureau of Prisons, for the lack of just or sufficient cause to implement the termination of the Grievant's employment with the Agency, together with an award of backpay, restoration of seniority and all other job benefits associated with the Grievant's prior employment with the Agency; and

(iii)    Granting AFGE Local 501, such further relief, such as costs, prejudgment interest, and attorney's fees, for bringing this action, pursuant to 28 U.S.C. Section 2412 (d)(1), and for other further relief, which the Court deems to be just and proper.

## INTRODUCTION

1. AFGE Local 501 has prevailed in a labor arbitration case, between the parties, herein, entitled, "<u>In the Matter of the Arbitration, between, American Federation of Government Employees, Local 501, the Union, and the Respondent, Merrick Garland, as Attorney General of the United States, U.S. Department of Justice, Federal Bureau of Prisons,</u>" which was heard under the auspices of the Federal Mediation and Conciliation Service

(FMCS), Case No. 221216-01960, and the Opinion and Award was entered on the substantive issues of the case, fully in favor of the Union, by Arbitrator Martin Soll, on September 3, 2023. [The Arbitrator's Opinion and Award is attached hereto, as **EXHIBIT A**]

2. Over ninety (90) days have now elapsed since the entry of the Arbitration Award, on the merits, as of September 3, 2023; and the Agency has failed, to move to vacate, the Arbitration Award, during the requisite ninety-day revocation period.

3. The parties herein, American Federation of Government Employees, Local 501 (hereinafter, referred to as the "Union") and Merrick Garland, as Attorney General of the United States, U.S. Department of Justice, Federal Bureau of Prisons (hereinafter, referred to as, the "Agency"), have agreed to be bound by the terms and provisions of the applicable collective bargaining agreement, whereby each party has consented to and agreed to be legally bound by the final decision and determination of the Arbitrator in this case, Martin Soll, regarding all disputed issues, arising under the applicable collective bargaining agreement.

4. More specifically, pursuant to the applicable collective bargaining agreement between the parties, known as the Master Agreement, herein, and in accordance with Article 32, Section h, the Arbitrator's Award, shall be binding on the parties, herein. [An excerpt from the "Master Agreement," the applicable collective bargaining agreement, specifically, under Article 32, setting forth the binding and final nature of an Arbitration Award, is attached hereto, as **EXHIBIT B**]

5. Arbitrator Martin Soll was appointed to hear this case, under the auspices of the Federal Mediation and Conciliation Service, and the parties, pursuant to the Arbitrator's appointment, jointly selected Mr. Soll to hear and decide this case.

6. On September 3, 2023, the Arbitrator entered the following elements of substantive relief in favor of the Union:

   A. Not later than September 6, 2023, unless an earlier or later date is jointly agreed upon by the Agency and Ian Morgan, the Agency shall reinstate Morgan, to his former Food Service Assistant Position, at the Federal Detention Center in Miami, with full seniority;

   B. The Agency shall forthwith rescind its removal discharge imposed on the Grievant, by Miami FDC Warden, Eugene Carlton on December 14, 2021, and to the full extent permitted by law, expunge all of the Agency's records, pertaining to the Grievant's removal discharge, including but not limited to its September 9, 2021, Proposal Letter, and its December 14, 2021 Discharge Letter;

   C. The Agency shall further make the Grievant whole, as if he had not been discharged, for all owed wages, and all employee and collective bargaining agreement benefits he lost, as a result of his removal/discharge in accordance with 5 U.S.C. 5596 (b)(1)(A)(1) and 5 U.S.C. Section 5596 (b)(2), from December 14, 2021 (the date of the Grievant's removal/discharge), to the date

   on which he was reinstated; and the Agency is to calculate the Grievant's back pay, in accordance with 5 C.F.R. Sections 550.805—550.806; and

  D. If required by applicable law, or Department of Justice, Bureau of Prisons of Miami Federal Detention Center rules, and or regulations, the Agency shall forthwith provide the Grievant at no cost to him, with all applicable training classes, and or courses and or uniforms, and applicable equipment needed for him, to be reinstated to his former position, as a Food Service Assistant with the Agency.

7. No grounds, whatsoever exist here, barring the enforcement of the Arbitrator's Opinion and Award, regarding the substantive relief, ordered for the Union, on behalf of the Grievant, namely, all owed back wages, and all employee and collective bargaining agreement benefits he lost, as a result of his removal/discharge.

8. The Arbitrator's Opinion and Award draws its essence from the applicable bargaining agreement, thereby foreclosing any possible argument, in opposition to the enforcement of the Arbitrator's Opinion and Award.

## **PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff, American Federation of Government Employees (hereinafter, referred to as, "AFGE," or the "Union") Local 501, is a labor organization, certified as the collective bargaining representative of bargaining unit members, employed by the United States Department of Justice, Federal Bureau of Prisons, at the Miami Federal Detention Center.

10. As the certified collective bargaining representative, the Union represents its members, federal corrections officers, including the Grievant, pursuant to the applicable corrective bargaining agreement, also known, as the "Master Agreement," which was in force and in effect between the Union and the employer, the U.S. Department of Justice, Federal Bureau of Prisons.

11. The Agency, headed by Merrick Garland, as the Attorney General of the United States, U.S. Department of Justice, Federal Bureau of Prisons (hereinafter, referred to as, the "Agency"), is the public employer of the bargaining unit members, including the Grievant, who are represented by their certified collective bargaining representative, the Plaintiff, herein, AFGE Local 501.

## VENUE

12. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. Section 1391, since the events giving rise to this action and to the enforcement of the pertinent claim, occurred in the Southern District of Florida.

13. Venue is proper in the Southern District of Florida, pursuant to 9 U.S.C. 204; and 28 U.S.C. Section 1391 (f)(4).

## SUBJECT MATTER JURISDICTION

14. This Court has subject matter jurisdiction, under 9 U.S.C. Section 9 of the FAA, whereby, any party to the arbitration proceeding, may apply to the District Court, for an order confirming the Arbitration Award, and thereupon, the Court must grant such an application,

6

unless the Arbitration Award is vacated, modified, or corrected, as prescribed in Sections 10 and 11 of the FAA,

### THE APPLICABLE COLLECTIVE BARGIANING AGREEMENT; AND THE ARBITRATION OPINION AND AWARD

15. The parties, herein, AFGE Local 501, and Merrick Garland, as Attorney General of the United States, U.S. Department of Justice, Federal Bureau of Prisons, are signatories to a collective bargaining agreement, also known as the "Master Agreement," which has been extended by the mutual agreement and consent of the parties, from July 17, 2017, to August of 2026; and under Article 30 (a), of the collective bargaining agreement,[1] no member of the collective bargaining unit, including the Grievant, can be subjected to disciplinary action, without *just* or *sufficient* cause, in order to promote the efficiency of the federal service.

16. The Arbitrator specifically found in his Opinion and Award, that the Agency failed to prove under a *just* or *sufficient* cause standard, that any of the purported offenses were committed by the Grievant, and furthermore, the Arbitrator found that the purported discipline was stale, also resulting in a violation of procedural due process; perhaps more importantly, and specifically, the Agency failed to prove by a preponderance of the evidence, or otherwise, that the Grievant had committed the following offenses:

    (i) **Charge I: Providing Inaccurate Information During the Pre-Employment Process**.

---

[1] An excerpt of the applicable collective bargaining agreement, the "Master Agreement," is attached hereto, as **EXHIBIT C**.

7

**Specification A:**

Prior to your employment with the Agency, you completed a Pre-Conditional Offer of Employment Questionnaire, which you certified, as true, complete, and correct, and made in good faith by your signature dated June 9, 2016. You stated "Yes," in response to:

> "Have you been disciplined (suspended, reprimanded, etc.) in former or current civilian employment?"

You then specified that you received a Letter of Reprimand on June 10, 2014. Personnel records at the Transportation Security Administration (TSA) at the Ft. Lauderdale Airport, reflect that you were suspended on August 7, 2014, for being Absent Without Leave.

**Specification B:**

Prior to your employment with the Agency, you completed a Declaration for Federal Employment, Optional Form 306, which you certified as true, correct, complete, and made in good faith by your signature dated June 7, 2016. You answered "No" in response to the question:

> During the last five years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from federal employment by the Office of Personnel Management or any other Federal agency?

You also completed a Questionnaire for Public Trust Positions, Format Plus Supplement, which you certified as accurate, on July 15, 2016. You answered "Yes" to:

> Has any of the following happened to you in the last seven years?
>
> 1. Fired from a job.
> 2. Quit a job after being told you'd be fired.
> 3. Left a job by mutual agreement following allegations of misconduct.
> 4. Left a job by mutual agreement following allegations of unsatisfactory performance.
> 5. Left a job for other reasons under unfavorable circumstances.

In [an] explanation of "yes," you provided a sole entry regarding being fired from Kaplan University.

8

Personnel records at First Data Corporation reflect that you received a final written warning, and you were ultimately terminated for unsatisfactory attendance.

### (ii) Charge II: Failure to Pay Just Debts

**Specification A:**

During your background investigation, an unresolved financial responsibility was identified to Medical Collection, Acct. # 11707987, with a past due amount of $343.

**Specification B:**

During your background investigation, an unresolved financial responsibility was identified to Medical Collection, Acct. # 11854952, with a past due amount of $338.

**Specification C:**

During your background investigation, an unresolved financial responsibility was identified to a Collection Account, for JTM Capital Management, LLC, Acct. # 4057310300141261, with a past due amount of $451.

**Specification D:**

During your background investigation, an unresolved financial responsibility was identified to Collection Account, Fifth Third Bank, Acct. No. 3181060000274522, with a past due amount of $344.

17. The Arbitrator held that these disciplinary allegations were false, and or, at the very least, the Agency lacked the requisite proof to make sustain, its allegations, under a just cause standard, pursuant to the applicable collective bargaining agreement, between the parties.

18. As a further denigration of the time-honored principle of just cause, the Agency failed to provide the Grievant, with a meaningful predetermination hearing, further precluding him from obtaining procedural due process in the grievance proceeding.

9

19. The Agency obtained the allegedly deficient responses from the Grievant, in the pre-employment screening process, as of November 19, 2018, and yet, almost three years had elapsed, until September 9, 2021, when the Agency finally initiated the disciplinary process, a clear violation of procedural due process, since the Agency was moving forward with stale and extremely outdated disciplinary allegations.

20. The Arbitrator's Opinion and Award drew its essence from the terms of the collective bargaining agreement, since he affirmatively adjudicated, Article 30, Section (a), which reads as follows:

    The provisions of this article apply to disciplinary and adverse actions which will be taken, only for just and sufficient cause, to promote the efficiency of the federal service.

21. Since the Arbitrator's Opinion and Award drew its essence from the terms of the collective bargaining agreement, and the Arbitrator did not assert his own brand of industrial justice, the Court must give substantial deference to the Arbitration Award, and hence, sustain his adjudication of the applicable collective bargaining agreement.

22. There is a strong policy of judicial deference, in recognizing the arbitration process as being final and binding, since under the collective bargaining agreement between the parties, the "Master Agreement," the parties themselves selected the process, the forum and the Arbitrator, to resolve all disputes under the collective bargaining agreement.[2]

---

[2] *See, Steelworkers* v. *Enterprise Wheel & Car Co.*, 363 U.S. 593 (1960); *Steelworkers* v. *Gulf Navigation Co.*, 363 U.S. 5784 (1960); and *Steelworkers* v. *American Manufacturing Co.*, 363 U.S. 564 (1960); these cases are known as the "Steelworker's Trilogy."

23. The function of the district court here is very limited, where the parties, as they have here, agreed to submit all questions of contract interpretation to the Arbitrator, consistent with this principle, the parties have bargained for the Arbitrator's judgment.[3]

24. Even if the Arbitrator erred in refusing to hear all of the evidence, if his or her error was not committed in bad faith, it cannot result in actionable misconduct, and such an error cannot be seen as a basis, for judicial overturning of the Arbitration Award.

25. The Grievant provided the requisite financial information to the Agency on two separate occasions, the first time on September 23, 2023, shortly after the issuance of the Arbitration Award by the Arbitrator, on September 3, 2023, and again, the required information was provided by the Greivant, to the Agency, on January 11, 2024.

26. Contrary to the command and the requirements of the Opinion and Award, the Agency has failed to satisfy the following remedial provisions of the Arbitrator's Opinion and Award:

    (i)  The Agency has failed to provide the Grievant and his counsel, Mark J. Berkowitz, with copies of all monetary and benefit computations, and all proposed and actual back pay payments, and restored benefits to the Grievant, and further, the Agency shall advise the Grievant and his legal representative, promptly in writing, when it believes that it has fully carried lout all of its payments to the Grievant, and restored all of his employee benefits and all benefits under the applicable collective bargaining agreement; and

---

[3] *See, United Paperworkers Int'l. Union* v. *Misco*, 484 U.S. 29 (1987).

    (ii)    The Agency has failed to make the Grievant whole, as if he had not been discharged, for all owed wages, and all employee and collective bargaining agreement benefits he lost, as a result of his removal/discharge in accordance with 5 U.S.C. 5596 (b)(1)(A)(1) and 5 U.S.C. Section 5596 (b)(2), from December 14, 2021 (the date of the Grievant's removal/discharge), to the date on which he was reinstated; and the Agency is to calculate the Grievant's back pay, in accordance with 5 C.F.R. Sections 550.805—550.806.

27. According to the Arbitration Opinion and Award, the Arbitrator retained jurisdiction in this case, until November 3, 2023, envisioning that the Agency could achieve full compliance by that date; or within sixty (60) days of the issuance of his Award, however, approximately six months have elapsed since the entry of the Arbitration Award on September 3, 2023, and the Agency has provided no substantive justification for its failure to abide by the explicit terms and provisions of the Opinion and Award.

## THE COURT MUST CONFIRM, RECOGNIZE AND ENFORCE THE ARBITRATION AWARD AND COMPEL THE AGENCY TO PROMPTLY REMIT ALL OWED BACK PAY AND ASSOCIATED JOB BENEFITS TO THE GRIEVANT.

28. As stated above, the Arbitrator's Opinion and Award is enforceable by the District Court, since the Award is final and binding on the parties, the signatories to the applicable collective bargaining agreement.

29. In keeping with the strong federal policy favoring arbitration, confirmation proceedings under the FAA, are generally, summary in nature, and hence, the Plaintiff is entitled to immediate substantive relief, under the terms of the Arbitration Award.

30. Pursuant to the FAA, 9 U.S.C. Section 9, the Union is entitled to immediate confirmation, recognition, and enforcement of the Arbitration Award, on the substantive provisions of the Arbitration Award, as well reasonable attorney's fees, under 28 U.S.C. Section 2412 (d)(1), along with reasonable costs and prejudgment interest.

31. AFGE Local 501 prays for the following immediate relief under the terms and provisions of the Arbitrator's Opinion and Award:

    A) To immediately make the Grievant whole, as if he had not been discharged, for all owed wages, and all employee and collective bargaining agreement benefits he lost, as a result of his removal/discharge in accordance with 5 U.S.C. 5596 (b)(1)(A)(1) and 5 U.S.C. Section 5596 (b)(2), from December 14, 2021 (the date of the Grievant's removal/discharge), to the date on which he was reinstated and the Agency is to calculate the Grievant's back pay, in accordance with 5 C.F.R. Sections 550.805—550.806; and

    B) The Agency has failed to provide the Grievant and his counsel, Mark J. Berkowitz, with copies of all monetary and benefit computations, and all proposed and actual back pay payments, and restored benefits to the Grievant, and further, the Agency shall advise the Grievant and his legal representative, promptly in writing, when it believes that it has fully carried lout all of its

payments to the Grievant, and restored all of his employee benefits and all benefits under the applicable collective bargaining agreement.

**WHEREFORE**, the American Federation of Government Employees, Local 501, respectfully requests that the Court take the following steps, to award the Plaintiff complete relief; (a) Enter Judgment in its favor and against the Agency, confirming the Arbitration Award, dated September 3, 2023; (b) Grant Final Judgment Against the Agency awarding the Grievant all owed back wages, and all employee and collective bargaining agreement benefits he lost, including seniority, as a result of his removal/discharge from employment; (c) Grant an award of reasonable costs and prejudgment interest; and (d) Grant an award of reasonable attorney's fees to counsel for the Union, in accordance, with 28 U.S.C. Section 2412 (d)(1).

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
AFGE Local 501
One Ten Tower
110 Southeast Sixth Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
Email: MarkBerk57@gmail.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on February 6, 2024